UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON, | No. 2:23-cv-02176-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| SUPERIOR COURT OF SAN JOAQUIN COUNTY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. Currently pending before the court is petitioner's first amended § 2254 petition docketed on November 16, 2023 which supersedes the original petition.[1]  For the reasons that follow, the undersigned recommends that the amended petition be summarily dismissed as an unauthorized second or successive habeas application.

**I.     Factual and Procedural History**

The amended § 2254 application challenges petitioner's 1976 conviction in the San Joaquin County Superior Court on two counts of murder.  ECF No. 5 at 2.  Petitioner was sentenced to serve two consecutive terms of 5 years to life in prison.  ECF No. 5 at 2.  The only

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

discernible claim for relief in the amended habeas petition is a claim that an illegal commitment was imposed. ECF No. 5 at 3. However, there are no facts nor additional information supporting this claim for relief.

This court takes judicial notice of petitioner's prior filings challenging his 1976 conviction. See Fed. R. Evid. 201(b)(2) (stating that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Harris v. County of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (emphasizing that the court may take judicial notice of "documents on file in federal or state courts"). In 2019, petitioner filed a federal habeas petition challenging this same 1976 conviction and sentence. Barton v. Beddick, Case No. 2:19-cv-0148-MCE-DMC-P (E.D. Cal.) (hereinafter referred to as "Barton I"). This petition was dismissed as untimely on April 1, 2021. See Barton I, at ECF No. 43. Petitioner did not appeal that judgment. Since that time, petitioner has filed an additional three federal habeas petitions challenging his 1976 conviction that have been or are pending dismissal on various procedural grounds. See Barton v. California Men's Colony, Case No. 2:22-cv-01899-DAD-EFB (E.D. Cal.)(dismissed on April 6, 2023 for failing to file an amended § 2254 petition); Barton v. Gastelo, Case No. 2:23-cv-00134-DJC-DMC (E.D. Cal.) (Findings and Recommendations pending); Barton v. California Men's Colony, Case No. 2:23-cv-00995-KJM-DB (E.D. Cal.) (dismissed on September 13, 2023).

## II. Analysis

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." This court has conducted the review required under Rule 4 and recommends dismissing the amended §2254 petition because it is an unauthorized second or successive petition. See 28 U.S.C. § 2244(b). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim

2

will not be considered by a federal court." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (internal citations omitted).  It is clear from the record before this court that petitioner previously filed a federal habeas corpus application challenging his 1976 conviction that was denied on the merits as untimely filed.  See McNabb, 576 F.3d at 1029.  Therefore, the instant amended habeas petition is second or successive.  Unless and until petitioner obtains authorization from the Ninth Circuit Court of Appeal to file a successive habeas corpus petition, this court lacks jurisdiction to entertain it.  See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 152 (2007) (recognizing that the second or successive bar divests the district court of jurisdiction to hear the merits of the claims).  For these reasons, the undersigned recommends that petitioner's amended petition for writ of habeas corpus be summarily dismissed as an unauthorized second or successive petition.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice as an unauthorized second or successive § 2254 petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 29, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bart2176.summ.dism