UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON, | |
| Petitioner, | No. 2:23-cv-02176-TLN-CKD |
| v. | |
| SUPERIOR COURT OF SAN JOAQUIN COUNTY, | **ORDER** |
| Respondent. | |

This matter is before the Court on pro se Petitioner William Barton's ("Petitioner") Motion for Relief from an Order.[1]  (ECF No. 10.)  Respondent Superior Court of San Joaquin County ("Respondent") has not appeared in the matter and did not file an opposition.  For the reasons set forth below, the Court DENIES Petitioner's motion.

///

///

///

///

---

[1] As discussed below, the Court construes Petitioner's untimely objections as a motion for relief from an order.

1

1    Petitioner is a state prisoner challenging the legality of his incarceration. On October 2,
2  2023, Petitioner filed a petition for a writ of habeas corpus ("Petition") but failed to pay the
3  required filing fee. (ECF No. 1.) On November 1, 2023, the magistrate judge notified Petitioner
4  that the Petition would be denied unless, within thirty (30) days, Petitioner paid the filing fee or
5  submitted an application to proceed *in forma pauperis* ("IFP"). (ECF No. 4.) Petitioner timely
6  filed an IFP application along with his first amended petition for a writ of habeas corpus ("FAP").
7  (ECF Nos. 5–6.)

8    On November 29, 2023, the magistrate judge made findings and recommended the Court:
9  (1) grant Petitioner's IFP application; and (2) dismiss Petitioner's FAP without prejudice as an
10  unauthorized second or successive petition because Petitioner previously filed a habeas petition in
11  *Barton v. California Mens Colony*, No. 2:22-cv-01899-DAD-EFB (E.D. Cal. Jan. 6, 2023)
12  ("F&Rs"). (ECF No. 7.) The F&Rs were served on Petitioner via U.S. mail that same day, and
13  any objections were due within fourteen (14) days. (*Id.*) Petitioner did not file any objections
14  within the fourteen-day window.

15    On January 8, 2024, the Court adopted in full the magistrate judge's F&Rs and: (1)
16  granted Petitioner IFP status; (2) dismissed the FAP without prejudice; (3) declined to issue a
17  certificate of appealability; and (4) directed the Clerk of Court to close the case.[2] (ECF No. 8.)
18  The Clerk of Court entered Judgment that same day. (ECF No. 9.)

19    On February 12, 2024, Petitioner filed the instant "objections" to the F&Rs, seeking a
20  certificate of appealability. (ECF No. 10.) As already discussed, Petitioner's objections to the
21  F&Rs were due fourteen (14) days after service. Petitioner filed objections more than fourteen
22  (14) days after service, and after the Clerk of Court entered Judgment in this case. Thus,
23  Petitioner's objections are untimely and improper. Nevertheless, the Court construes Petitioner's
24  late objections as a motion for relief from judgment or order under Federal Rule of Civil
25  Procedure 60. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must construe pro se

---

[2]    The Court notes its prior Order inadvertently dismissed the Petition *without* prejudice, rather than *with* prejudice. (ECF No. 8.) The Court hereby CORRECTS its Order (ECF No. 8) pursuant to Federal Rule of Civil Procedure 60(a) to dismiss the Petition *with* prejudice.

plaintiff's pleadings liberally); *Fair v. Atchley*, No. 2:20-CV-01107-TLN-DB, 2024 WL 2922599, at *1 (E.D. Cal. May 16, 2024) (construing untimely objections to F&Rs as a motion for relief from judgment).

On motion and just terms, a district court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner does not argue any of the first five categories (nor does the Court find them applicable), leaving only the sixth, catchall category. While Petitioner requests the Court issue a certificate of appealability, such a certificate is only appropriate if he has made a substantial showing that his constitutional rights have been (or are being) denied. *See* 28 U.S.C. § 2253(c)(2). In the instant case, Petitioner has failed to make *any* showing of a constitutional injury, much less a substantial one. Thus, Petitioner has failed to demonstrate he is entitled to relief from the Court's prior Order.

///

///

///

///

///

1     Accordingly, the Court DENIES Petitioner's Motion for Relief from an Order (ECF No.
2 10) and CORRECTS its prior Order (ECF No. 8) to dismiss the FAP *with* prejudice.  No further
3 motions will be considered in this closed action.
4     IT IS SO ORDERED.
5 Date: September 24, 2024

Troy L. Nunley
United States District Judge

4